1   MARGARET A. KEANE (SBN 255378)
    margaret.keane@dlapiper.com
2   **DLA PIPER LLP (US)**
    555 Mission Street, Suite 2400
3   San Francisco, California  94105-2933
    Telephone:    415.836.2500
4   Facsimile:    415.836.2501

5   Attorneys for Defendant
    AL JAZEERA INTERNATIONAL (USA) INC.
6

7

8                   **United States District Court**

9                   **Northern District of California**

10                  **San Francisco Division**

11

12  HANI TAHA,                          Case No.

13              Plaintiff,              [San Francisco County Superior Court Case No.
                                        CGC–16–555139]
14  v.
                                        **DEFENDANT AL JAZEERA**
15  AL JAZEERA INTERNATIONAL (USA)      **INTERNATIONAL (USA) INC.'S NOTICE**
    INC., a corporation DBA AJ+; JIGAR  **OF REMOVAL OF CIVIL ACTION TO**
16  MEHTA, an individual; and DOES 1 – 25, **FEDERAL COURT UNDER 28 U.S.C. §§**
                                        **1332(a) and (b), 1441(b), and 1446**
17              Defendants.

18

19          TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

20  CALIFORNIA AND TO PLAINTIFF AND PLAINTIFF'S COUNSEL OF RECORD:

21          PLEASE TAKE NOTICE that Defendant Al Jazeera International (USA) Inc. ("AJI

22  (USA)") hereby removes this case from the Superior Court of California, County of San

23  Francisco, to the United States District Court for the Northern District of California pursuant to

24  28 U.S.C. §§1332, 1441 and 1446.  The United States District Court has subject matter

25  jurisdiction over this action pursuant to 28 U.S.C. §1332 because complete diversity exists and

26  the amount in controversy exceeds $75,000. As discussed herein, the citizenship of defendant

27  Jigar Mehta, is properly disregarded for diversity purposes because he is a "sham" defendant

28  added for the sole purpose of destroying diversity and against whom the plaintiff has no

1  possibility of prevailing.  Accordingly, his citizenship does not destroy diversity and this action is

2  properly before this Court.

3  ## I.  BACKGROUND

4       On November 1, 2016, Plaintiff Hani Taha ("Plaintiff") filed an employment action in the

5  Superior Court of California in and for the County of San Francisco (the "Superior Court"), titled

6  *Hani Taha v. Al Jazeera International (USA) Inc. et al.*, Case Number CGC-16-555139 (the

7  "Complaint").  A true and correct copy of the Complaint is attached to the Declaration of

8  Margaret Keane as **Exhibit A**.[1]  The Complaint alleges eight causes of action against AJI (USA),

9  for : (1) wrongful, retaliatory termination, in violation of California Government Code section

10  12940(h); (2) sex and gender discrimination, in violation of California Government Code sections

11  12926 and 12940; (3) harassment and hostile work environment, in violation of California

12  Government Code section 12940; (4) failure to investigate, prevent, or remedy unlawful

13  discrimination and harassment, in violation of California Government Code section 12940(k); (5)

14  failure to pay all overtime wages, in violation of California Government Code section 1194.2; (6)

15  knowing and intentional failure to comply with itemized employee wage statement provisions, in

16  violation of California Labor Code sections 226, 1174, and 1175; (7) failure to pay wages of

17  terminated employee, in violation of California Labor Code sections 201 through 203; and (8)

18  unlawful business practices, in violation of the Business and Professional Code sections 17200 et

19  seq.  The Complaint asserts but a single cause of action against the individual defendant, Jigar

20  Mehta; specifically, the third cause of action, for harassment and hostile work environment.

21       Plaintiff commenced service on AJI (USA) by mailing the summons and complaint to AJI

22  (USA)'s registered agent for service of process on December 1, 2016.  28 U.S.C. § 1446(b) (30-

23  day deadline for removal following completion of service); Cal. Civ. Proc. Code § 415.40

24  (service "deemed complete on the 10th day after" certified mailing).  On December 22, 2016,

25  Plaintiff filed a Proof of Service with the Superior Court, representing that Mr. Mehta was

26  personally served on December 16, 2016.  True and correct copies of the notice of service of

27

28

---

[1] All Exhibits are attached to the Declaration of Margaret Keane.

1    Summons served on AJI (USA) and proof of service of Summons served on Jigar Mehta are

2    attached as **Exhibits B and C**.  Pursuant to 28 U.S.C. § 1446(a), Exhibits A through C constitute

3    all process, pleadings, and orders served on Defendants.

4         On January 5, 2017, AJI (USA) and Jigar Mehta filed an answer in the Superior Court of

5    California in and for the County of San Francisco, a true and correct copy of which is attached as

6    **Exhibit D**.

7

8    II.    **REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION**

9         The state court action is a civil action over which this Court has original jurisdiction under

10   28 U.S.C. § 1332 based on diversity of the parties.  The state court action is properly removable

11   to this Court in that (1) but for the fraudulent joinder of Jigar Mehta, there is complete diversity of

12   citizenship between the parties in this action; and (2) the amount in controversy exceeds the sum

13   of $75,000, exclusive of interest and costs, as explained below.

14        A.  **Complete Diversity of Citizenship Exists Between Plaintiff and AJI (USA)**

15        Plaintiff is not, and does not claim to be, a citizen of California under 28 U.S.C. § 1332.

16   Plaintiff's complaint fails to plead her citizenship, alleging only that she "worked and lived in the

17   City and County of San Francisco, California" from September 10, 2014 to March 19, 2015 while

18   employed by AJI (USA).  Compl. ¶ 8, 13.  During that time period, Plaintiff was in the US on a

19   non-immigrant I visa issued to her as a  foreign journalist of Pakistani citizenship.  On

20   information and belief, Plaintiff has returned to Pakistan and is no longer employed in the United

21   States.

22        Pursuant to United States Code, Title 28, Section 1332(c), "a corporation shall be deemed

23   to be a citizen of any State by which it has been incorporated and of the State where it has its

24   principal place of business." A corporation's "principal place of business" is "where a

25   corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v.*

26   *Friend*, 559 U.S. 77, 92-93 (2010).

27        AJI (USA) is incorporated in the State of Delaware and its US headquarters and principal

28   place of business are located in Washington, D.C.  Plaintiff makes no contrary allegations,

1   alleging only that AJI (USA) is registered to do business in California and, on information and

2   belief, that it continues to do business in San Francisco.  Compl. ¶ 14.  Therefore, AJI (USA) is a

3   citizen of Delaware and Washington D.C. and not a citizen of California.

4       Any potential "Doe" defendants shall be disregarded for purposes of removal.  28 U.S.C.

5   § 1441(a).  Because Plaintiff is not a citizen of either Delaware or Washington, D.C., complete

6   diversity exists between Plaintiff and AJI (USA).

7                    **B.   Mehta's Citizenship Must be Disregarded Because He Is Fraudulently Joined**

8       The Complaint also names as a defendant Jigar Mehta, Plaintiff's former manager. Compl.

9   ¶ 5, 18(a). Plaintiff makes no allegations as to his citizenship but Mehta is believed to be a citizen

10  of California.  A civil action otherwise removable based on diversity of the parties "may not be

11  removed if any of the parties in interest ***properly joined*** and served as defendants is a citizen of

12  the State in which the action is brought."  28 U.S.C. §  1441(b)(2) (emphasis added).

13      A non-diverse defendant's presence in a lawsuit is ignored when, as here, that defendant

14  has been fraudulently joined for the purpose of avoiding diversity jurisdiction. 28 U.S.C. § 1332

15  and 28 U.S.C. § 1441(b);  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

16  "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is

17  obvious according to the settled rules of the state, the joinder of the resident defendant is

18  fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  Plaintiff's

19  harassment claim against Mehta is fatally deficient; accordingly, his joinder is fraudulent.

20                   **1.   Plaintiff Does Not Allege that Jigar Mehta Harassed Her**

21      The Complaint includes a  legally and factually invalid claim of harassment against Mr.

22  Mehta individually for no apparent reason other than to destroy diversity.  The Complaint defines

23  the term "Defendant" twice and both times excludes Mr. Mehta from the definition.  In the

24  opening paragraph, the Complaint recites that "Plaintiff brings  this action against Defendants AL

25  JAZEERA (USA) INC. DBA AJ+ and DOE Defendants 1-25, inclusive (collectively,

26  'Defendants')."  *Id.* at ¶ 0.  Mr. Mehta is not listed as a defendant.  Next,  Section V of the

27  Complaint, titled "Parties," dedicates three paragraphs to summarizing the defendants in this

28  action.  *Id.* at ¶¶ 14 – 16.  Again, Mr. Mehta is not listed as a defendant.  Finally, the Complaint

1    expressly provides that "Defendants" refers solely to AJI (USA) and Does 1 through 25.  *Id.* at ¶

2    16.

3          Of the eight counts in the Complaint, Plaintiff alleges a single cause of action against Mr.

4    Mehta: sex and/or gender harassment causing a hostile work environment. There is no possibility

5    that Plaintiff will be able to establish liability against Mr. Mehta on this claim.  To support her

6    claim against Mr. Mehta, Plaintiff alleges only personnel management actions, which are not

7    actionable as harassment.

8                    **2.  A Supervisor Who Does Not Personally Engage in Harassment is Not**

9                              **Subject to Individual Liability**

10          California law is clear that a supervisor can only be held individually liable for

11   harassment—and not for discrimination or retaliation.  In *Reno v. Baird*, the California Supreme

12   Court held that Fair Employment and Housing Act ("FEHA") discrimination claims cannot be

13   brought against supervisors because discrimination arises "out of the performance of necessary

14   personnel management duties" that are "an inherent and unavoidable part of the supervisory

15   function."  18 Cal. 4th 640, 646, 957 P.2d 1333 (1998).  By contrast, supervisors can be held

16   personally liable for harassment, which "consists of a type of conduct not necessary for

17   performance of a supervisory job" and is "presumably engaged in for personal gratification" or

18   due to "meanness or bigotry, or for other personal motives."  *Id.*  Supervisory acts such as work

19   assignments, office assignments,  promotions, the provision of support, or performance reviews,

20   are personnel decisions and  "do not come within the meaning of harassment."   *Janken v. GM*

21   *Hughes Elecs.*, 46 Cal. App. 4th 55, 62, 64–65, 53 Cal. Rptr. 2d 741, 745–46 (1996) ("[T]he

22   legislature intended to place individual supervisors at risk of individual liability for harassment,

23   but not for personnel management decisions").

24                          **3.  Jigar Mehta's Personnel Management Actions Are Not Harassment**

25          Plaintiff does not claim that she was subject to unwelcome sexual harassment from Mr.

26   Mehta, much less that he harassed her in a manner so pervasive so as to alter the conditions of

27   employment and create an abusive working environment. Accordingly, there can be no viable

28   claim against Mr. Mehta for harassment.

EAST\138846219.5

1    Plaintiff s factual allegations all relate to Mr. Mehta's personnel management actions and

2    thus cannot state a viable harassment claim under settled California law. Harassment is "conduct

3    not necessary for performance of a supervisory job" and "outside the scope of necessary job

4    performance." *Id*. at 63. "[T]he exercise of personnel management authority properly delegated

5    by an employer to a supervisory employee might result in discrimination, but not in harassment."

6    *Reno v. Baird*, 18 Cal. 4th 640, 646 (1998). A supervisor who does not personally harass an

7    employee is not personally liable for sexual harassment under FEHA. *Fiol v. Doellstedt*, 50

8    Cal.App.4th 1318 (1996).

9    Each of the complaint's allegations against Mr. Mehta involve conduct performed in his

10   supervisory role. Plaintiff alleges that she complained to Mr. Mehta when she was not selected to

11   receive training, that  he denied that the selection process had been unfair, and that he reminded

12   Plaintiff that the selection was a decision to be made by superiors as not everyone was guaranteed

13   the opportunity to receive the training. Compl. ¶ 19. Other than that exchange, the Complaint

14   makes only one other express allegation against Mr. Mehta—a vague averment that Mr. Mehta

15   was "hostile" when Plaintiff complained that her name had been omitted from the list of authors

16   on a project she had worked on with another employee. *Id.* at ¶ 23. These responses to Plaintiff

17   were made within the authority delegated to Mehta by his employer, AJI (USA), and accordingly,

18   Plaintiff has no claim against him. *Reno v. Baird*, 18 Cal. 4th 640, 646 (1998).

19   Further, Plaintiff cannot establish a harassment claim against Mr. Mehta because the

20   alleged conduct is not severe or pervasive enough to have created an abusive working

21   environment as a matter of law. To state a claim for harassment under FEHA, Plaintiff must plead

22   unwelcome conduct that is "sufficiently severe or pervasive to alter the conditions of her

23   employment and create an abusive working environment." *Haley v. Cohen & Steers Capital

24   Mgmt., Inc.*, 871 F. Supp. 2d 944, 956 (N.D. Cal. 2012) (citing Cal. Gov. Code § 129400)(1)).

25   "[A]cts of harassment cannot be occasional, isolated, sporadic, or trivial; rather, the plaintiff must

26   show a conceded pattern of harassment of a repeated routine of a generalized nature." *Hurd v.

27   Am. Income Life Ins.*, No. CV-13-05205 RSWLMRW, 2013 WL 5575073, at *4 (C.D. Cal. Oct.

28   10, 2013). "Merely `offensive comments' in the workplace are not actionable." *Haley*, 871 F.

Supp. at 956 (citing *Lyle v. Warner Bros. Tel. Prods.*, 38 Cal. 4th 264, 282-83 (2006)).

Here, Plaintiff's isolated and vague allegations against Mr. Mehta, even taken as true, do not demonstrate an abusive work environment under established California law.

### 4.   Joinder of An Individual Supervisor Who Did Not Harass the Plaintiff is Fraudulent Joinder

California federal courts have repeatedly held that plaintiffs with similar employment claims fraudulently joined one or more individual defendants.  *See, e.g.*, *Ambrosini v. Universal Cable Holdings, Inc.*, No. CV 14-00896 RS, 2014 WL 3362244 (N.D. Cal. July 7, 2014) (finding that the plaintiff's supervisor had been fraudulently joined because plaintiff failed to state claim against him, including for age discrimination, under FEHA); *Saavedra v. United Parcel Serv., Inc.*, No. C 03-00104 SBA, 2003 WL 23989926  (N.D. Cal. May 15, 2003) (rejecting plaintiff's FEHA retaliation claim against his supervisor and therefore finding fraudulent joinder); *Cofer v. Parker-Hannifin Corp.*, No. SACV1600596CJCAFMX, 2016 WL 3660845 (C.D. Cal. July 8, 2016) (rejecting plaintiff's FEHA harassment claims against his supervisors because the underlying allegations, which included denying plaintiff's requests for training, refusals to interview plaintiff for a promotion, and terminating him, did not amount to actionable harassment because they were routine, personnel-related conduct); *Wexler v. Jensen Pharm., Inc.*, No. CV1503518ABAJWX, 2015 WL 6159101 (C.D. Cal. Oct. 20, 2015) (rejecting plaintiff's FEHA harassment claims against his individual supervisor because the alleged acts were management actions that do not give rise to a claim against another employee); *Gorom v. Old Dominion Freight Line Inc.*, No. 2:12-CV-08374-SVW, 2013 WL 195377, at *4 (C.D. Cal. Jan. 17, 2013) (finding fraudulent joinder when plaintiff s harassment claim was based on personnel decisions consisting of a denial of a request for transfer, a denial of a request for accommodation, suspension, and requiring attendance at a meeting).

### 5.   Plaintiff Can Not Bring an Individual Claim Against Mehta Because She Failed to Exhaust Her Administrative Remedies

Exhaustion of administrative remedied under FEHA is a prerequisite to bringing a civil action in court.  *Miller v. United Airlines, Inc.*, 174 Cal. App. 3d 878, 890, 220 Cal. Rptr. 684,

1    691 (Ct. App. 1985).  Here, in addition to failing to state a cause of action against Mr. Mehta in

2    the Complaint, Plaintiff has failed to exhaust her administrative remedies against this defendant.

3    Acting through her counsel in this matter, Plaintiff filed a charge of  discrimination with the

4    California Department of Fair Employment and Housing ("DFEH") on March 18, 2016 (the

5    "Charge").  A Right to Sue Notice was requested and received on the same day and the DFEH

6    took no further action.  A copy of the Charge, including the  Verification of Michael Flynn as

7    attorney for Complainant, is attached to the Complaint as Exhibit A thereto.  For ease of

8    reference, a copy of the Charge is attached as **Exhibit E**.

9         The Charge did not name Mr. Mehta individually and contains only two references to him

10   by name, neither of which would be sufficient to put him on notice that he could be subject to

11   individual liability for harassment.  *See Tumblin v. USA Waste of California, Inc.*, No.

12   CV162902DSFPLAX, 2016 WL 3922044, at *4 (C.D. Cal. July 20, 2016) (plaintiff failed to

13   exhaust administrative remedies against individual defendant where the claims brought in court

14   were not reasonably related to any of the actions in the vague administrative complaint); *Rhodes*

15   *v. Sutter Health*, No. CIV. 2:12-0013 WBS, 2012 WL 662462, at *6 (E.D. Cal. Feb. 28, 2012)

16   (plaintiff failed to exhaust administrative remedies against individual defendants not listed in

17   administrative complaint).  Specifically, the Charge alleges that Plaintiff applied to participate in

18   company-sponsored trainings and was told by Mr. Mehta that no employees would be sent out of

19   station for trainings.  In the only other reference to Mr. Mehta, the Charge alleges that Plaintiff

20   complained to Mr. Mehta that the decision not to select her for video production training was

21   "unfair and sexist" and that, "he defensively denied both charges and said that it was an editorial

22   decision made by superiors."  These lone allegations against Mr. Mehta pertain solely to his

23   managerial actions and were not sufficient to put him on notice that he could be individually

24   liable for harassment.

25        The Complaint's allegation that Plaintiff exhausted her administrative remedies against

26   Mr. Mehta by naming him in the body of the Charge is unavailing.  Compl.  ¶ 5.  The lone case

27   Plaintiff cites for this proposition, *Cole v. Antelope Valley Union High School Disrict.*, 47 Cal.

28   App. 4th 1505, Cal. Rptr. 2d 443 (1996), is inapposite here, as it was decided before the

1    California Supreme Court unequivocally held that individuals cannot be held liable for

2    managerial acts.  *See Reno v. Baird,* 18 Cal. 4th 640, 646, 957 P.2d 1333 (1998) (decided two

3    years after *Cole*).  Prior to *Reno v. Baird*, Mr. Mehta arguably would have been on notice that he

4    could be held individually liable in connection with the allegations in Plaintiff's Charge, which

5    pertain solely to his managerial actions.  Under current California law, however, the two

6    references to Mr. Mehta's managerial actions would not have been sufficient to put him on notice

7    of potential liability for harassment.  Plaintiff therefore failed to exhaust her administrative

8    remedies against Mr. Mehta and is barred from bringing a civil action against him.

9         For all the reasons set forth herein, Jigar Mehta was fraudulently joined and his citizenship

10   does not destroy diversity in this action.

11        **C.  The Amount in Controversy Exceeds $75,000**

12        The amount in controversy between the parties exceeds the amount of $75,000 set forth in

13   28 U.S.C. § 1332(a), exclusive of interest and costs.

14        Plaintiff worked for AJI (USA) in San Francisco, California, in the position of Producer,

15   Engagement from September 10, 2014 to March 19, 2015.  Compl.  ¶ 8.  The Complaint alleges

16   that Plaintiff's salary was $80,000 per year, and that her actual earnings "were on average at least

17   $83,117.97."  *Id.* at ¶¶ 9, 11.  Plaintiff seeks both back pay and front pay as damages. *See, e.g.*, *Id.*

18   at ¶¶ 32, 41, 50, 70 (alleging that AJI (USA)'s conduct caused Plaintiff to suffer "harm, including

19   lost earnings and other employment benefits, future lost earnings, and mental distress, and other

20   general and special damages, all to Plaintiff's detriment in an amount which will be proven at

21   trial").

22        Plaintiff's employment with AJI (USA) was terminated almost 20 months prior to the

23   filing of her complaint.  Based on an annual salary of $80,000, Plaintiff's claim for back pay alone

24   places in controversy an amount of approximately $ 133,333.  Assuming a trial would not be held

25   for at least one year from the filing of this Notice, based on an annual salary of $80,000,

26   Plaintiff's front pay claim places in controversy an amount of at least $80,000.  Thus, on the face

27   of the Complaint, Plaintiff's requests for back and front pay alone place in controversy an amount

28   of $ 213,333—well over the $75,000 amount in controversy required.

1    In addition, Plaintiff seeks damages for alleged unpaid earnings and for mental and severe

2    emotional distress and aggravation and seeks penalties related to alleged violations of employee

3    wage statement requirements.  *Id.* at ¶ 71, 83, 88, 95.  Plaintiff also seeks to recover attorneys'

4    fees under California Labor Code Sections 98.7, 2699, and pursuant to the private attorney

5    provisions of California Code of Civil Procedure section 1021.5, "and any other applicable law

6    providing for attorneys' fees and costs."  Compl. ¶¶ 43, 52, prayer for relief ¶ 10.  Attorneys' fees

7    are properly considered when determining the amount in controversy for the purpose of removal.

8    *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1115, 1155-56 (9th Cir. 1998).  Given that Plaintiff's

9    back and front pay claims well exceed the amount in controversy threshold, it is not necessary to

10   estimate Plaintiff's other damage claims beyond noting that they ultimately add to the amount in

11   controversy.

12   Based on the above calculation, the amount in controversy in this case is well in excess of

13   the required $75,000 for removal.  Because there is complete diversity of citizenship and because

14   the amount in controversy exceeds $75,000, this Court has original jurisdiction under 28 U.S.C. §

15   1332.

16

17   ### III.    COMPLIANCE WITH STATUTORY REQUIREMENTS

18   Defendant has met each of the statutory requirements for removal based on diversity of

19   citizenship, as set forth below.

20   #### A.  Removal was timely.

21   In accordance with 28 U.S.C. § 1446(b), this Notice is timely filed with this Court.

22   Pursuant to 28 U.S.C. § 1446(b), "a notice of removal may be filed within thirty days after receipt

23   by the defendant, through service or otherwise."  28 U.S.C. § 1446(b).  Plaintiff commenced

24   service on AJI (USA) pursuant to section 415.30 of the California Code of Civil Procedure by

25   mailing the summons and complaint to AJI (USA)'s registered agent for service of process on

26   December 1, 2016.  Under California law, service by mail on an out of state defendant is "deemed

27   complete on the 10th day after" certified mailing; in this case, December 11, 2016.  Cal. Civ. Proc.

28   Code § 415.40.  The 30-day removal period begins at the conclusion of the 10-day period.

1   *Victoriano v. Classic Residence Mgmt., LP*, No. 14CV2346-LAB JLB, 2015 WL 3751984, at *3

2   (S.D. Cal. June 15, 2015).  Regardless of whether service was accomplished pursuant to section

3   415.30 or 415.40, the deadline for removal is no earlier than January 10, 2017.  Accordingly, this

4   Notice is timely.

5   **B.   Consent to Removal.**

6   Only properly joined and served defendants need consent to removal. 28 U.S.C. §

7   1446(b)(2)(a). Jigar Mehta was fraudulently joined and therefore, Mr. Mehta need not consent to

8   removal. *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (removal statute only requires the

9   consent of "properly joined" defendants).  In any case, Mr. Mehta has in fact consented to the

10  removal of this action.  *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir.

11  2009) (consent documents on behalf of consenting defendants not required).

12  **C.   State Court Is Within the Court's Jurisdiction.**

13  The Superior Court in and for the County of San Francisco is located within the Northern

14  District of California.  28 U.S.C § 84(a).  Accordingly, this Notice is properly filed in the San

15  Francisco Division of this Court pursuant to 28 U.S.C § 1441(a).

16  **D.   All Process and Pleadings Are Attached.**

17  The summons and complaint and answer, attached as Exhibits A through E, are the only

18  state court process and pleadings filed and served in this action.

19  **E.   Filing and Service of Notice of Removal and Removal.**

20  Pursuant to 28 U.S.C. § 1446(d), AJI (USA) will provide written notice of the filing of

21  this Notice of Removal to Plaintiff's counsel, and will promptly file a copy of this Notice of

22  Removal with the Clerk for the Superior Court of the State of California in and for the County of

23  San Francisco.

24  **CONCLUSION**

25  Based on the above, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§

26  1332, 1441, and 1446.  Therefore, AJI (USA) gives notice that this action pending in San

27  Francisco County Superior Court is hereby removed to the Northern District of California.

28

DLA PIPER LLP (US)
SAN FRANCISCO

EAST\138846219.5

-11-
DEFENDANT AL JAZEERA INTERNATIONAL (USA) INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1    Dated:  January 6, 2017                    DLA PIPER LLP (US)

2

3                                               By: *Margaret A Keane*

4                                               MARGARET A. KEANE
                                                Attorney for Defendant
5                                               AL JAZEERA INTERNATIONAL (USA)
                                                INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EAST\138846219.4
-12-
DEFENDANT AL JAZEERA INTERNATIONAL (USA) INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT